MAISON BLANCHE CO. v. SCHUTTEN

---

(March 26, 1928.   Opinion and Decree.)

---

(*Syllabus by the Court*)

1.  **Louisiana  Digest—Sales—Par.  59,  62, 134, 136.**
The stipulation in a contract of sale on credit that the vendor shall be entitled to take back the property sold on failure of the purchaser to pay the price, and to retain the partial payments as liquidated damages, does not deprive the vendor, at his option, to demand the performance of the contract and to sue for the balance of the price remaining unpaid.

Appeal from the First City Court.   Hon. W. Alexander Bahns, Judge.

Action  by  Maison  Blanche  Company against Reginald Schutten.

There was judgment for defendant and plaintiff appealed.

Judgment reversed and case remanded.

L. R. Wertheimer, of New Orleans, attorney for plaintiff, appellant.

Pomes & McCabe, of New Orleans, attorneys for defendant, appellee.

CLAIBORNE, J. This is a suit for the balance of the price of a superphonic Victrola and ten records, $154.20, subject to a credit of $10 paid on account.

Said contract provided that the balance was payable at the rate of $10 per month between the 9th and 14th of each month thereafter, and that any default in making payments according to the terms aforesaid would cause the entire balance of the price to at once become due and exigible, "and will further entitle the Maison Blanche Company, without resort to legal process and without incurring any liability for trespass, to at once take the articles sold from the residence of the purchaser or wherever they may be found. In any such event payments theretofore made shall be retained by the said Maison Blanche Company as liquidated damages for breach of obligation."

The defendant pleaded that the petition disclosed no cause of action under the contract. He admitted the purchase of the Victrola and the payment of ten dollars; he further averred that the machine was defective, and that he had so informed the plaintiff who promised him a new machine but failed to do so. He claims in reconvention return of the $10 paid on account, $25 attorney's fees, and $20 for loss of time.

There was judgment maintaining the ex-

ceptions and dismissing the suit, and plaintiff has appealed.

The defendant's exception of no cause of action is based exclusively upon the proposition that the plaintiff, on defendant's failure to make the payments stipulated in the contract is only "entitled to at once take back the Victrola, and to retain by way of forfeit the amount paid on account as liquidated damages."

We believe this to be a strained construction of the contract. Upon the failure of a purchaser to pay the credit portion of a sale, the law gives the vendor two remedies: One for the dissolution of the contract of sale, C. C. 2561, and the other for its enforcement by demanding the price of sale, C. C. 2551-2549. The stipulation in an act of sale that the failure of the purchaser to pay the price shall entitle the vendor to take back the thing sold, is nothing more than a contractual affirmance of the law and does not either expressly of impliedly carry with it a renunciation of the other right of demanding specific performance of the contract.

Waivers of rights are not presumed; they must be expressly made. A vendor of property on credit who waives his mortgage on the property sold does not thereby waive his vendor's privilege. 2 H. D. 1244 C-1; Gumbel & Co. vs. Beer, 36 La. Ann. 489.

It is therefore ordered that the judgment appealed from be reversed and set aside and that this case be remanded to be tried upon the merits in accordance with the answer herein.